IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LEO LIONEL PAYNE,

    Plaintiff,

v.                                                       Civil Action No. 3:10CV714

KARIN RILEY, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Plaintiff, a former Virginia inmate, brings this civil action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. PROCEDURAL HISTORY

The Magistrate Judge made the following findings and recommendations:

### Preliminary Review

This Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (*citing Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### Summary of Claim

In his complaint, Plaintiff names as defendants Assistant Commonwealth's Attorney Karin Riley, Alexandria Police Officer Steven Escobar, and Judge Donald M. Haddock. Plaintiff makes four claims:

Claim One: Karin Riley vindictively prosecuted Plaintiff using a biased jury trial in the state and district where his crime did not occur. (Compl. 5.)

Claim Two: Karin Riley suborned Officer Escobar's perjury before the grand jury, and Judge Haddock "pretend[ed] to believe Steven Escobar."[1] (Compl. 5.)

Claim Three: "Plaintiff has demonstrated and proved unconstitutional conviction and sentence has already been invalidated caused by Karin Riley, et al., actions

---

[1] The punctuation and capitalization of all quotations of the complaint have been corrected.

2

whose unlawfulness render Plaintiff conviction and sentence invalid, for expungement of grand larceny auto from Virginia criminal record by executive order." (Compl. 5-6 (citations omitted).)

Claim Four: Defendants are liable to Plaintiff because they "demonstrated gross negligence of a conscious, voluntary act and omission in reckless disregard of their legal duty owed to Plaintiff that caused personal injury of moral aversion against authority recklessness, malice, and deceit by Defendants['] actions." (Compl. 6.)

Although Plaintiff includes a host of attachments, he does not further explain his allegations. Plaintiff seeks $150 million in damages.

## Analysis

In order to state a viable claim against an individual under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (*citing* 42 U.S.C. § 1983). Plaintiff's vague allegations do not satisfy his obligation under Federal Rule of Civil Procedure 8(a)(2) to give the Defendants fair notice of his claims and the facts upon which they rest. *See Bell Atl. Corp.*, 550 U.S. at 555-56. Furthermore, the Court previously explained to Plaintiff that, to the extent that he seeks "monetary damages stemming from improper incarceration," such an attempt via 42 U.S.C. § 1983 "is legally frivolous under *Heck v. Humphrey*, 512 U.S. 477 (1994), and related cases." *Payne v. Virginia*, No. 3:07cv337, 2008 WL 1766665, at *2 (E.D. Va. Apr. 17, 2008).

In *Heck*, the Supreme Court emphasized that civil tort actions are "not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486. The Supreme Court then held that:

[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

3

*Heck*, 512 U.S. at 486-87 (internal footnote omitted). The Supreme Court then required that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. The Supreme Court summarized that *Heck* and the related cases teach that:

> [A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

The first question this Court must ask is whether Plaintiff's claims necessarily imply the invalidity of his current confinement. *Heck*, 512 U.S. at 487. Plaintiff's vague complaints are not limited to the sort of pretrial constitutional violations that do not necessarily impugn his outstanding conviction and sentence.[2] *See id.* at 487 n.7; *see e.g., Young v. Nickols*, 413 F.3d 416, 419 (4th Cir. 2005) (concluding claim of illegal extradition was not barred by *Heck*). Rather, Plaintiff demands monetary damages for due process violations that purportedly occurred during the course of his criminal trial. Plaintiff fails to allege any injury distinct from the injury of being convicted and sentenced. *Heck*, 512 U.S. at 487 n.7. Plaintiff does not articulate, and the Court cannot conceive, how he could prevail on the broad claims of trial error and not simultaneously imply that the underlying conviction and sentence were invalid. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck*, 512 U.S. at 479, 490 (concluding alleged due process violations were barred); *Esensoy v. McMillan*, No. 06-12580, 2007 WL 257342, at *2 (11th Cir. Jan. 31, 2007). Plaintiff's allegations that he was tried in the wrong jurisdiction and that the composition of the jury violated his rights clearly aim to challenge the fact of his conviction and sentence. *See Ryan v. DuPage Cnty. Jury Comm'n*, 105 F.3d 329, 330-31 (7th Cir. 1996). Accordingly, even presuming that Plaintiff has pled claims that satisfy his

---

[2] For example, the Supreme Court noted that a suit for damages attributable to an unreasonable search may not *necessarily* imply that a plaintiff's conviction was unlawful because of doctrines like independent source, inevitable discovery, and harmless error. *Heck*, 512 U.S. at 487 n.7 (citing cases). The Supreme Court emphasized that "the § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury, which, we hold today, does *not* encompass the 'injury' of being convicted and imprisoned (until his conviction has been overturned)." *Id.* (internal citation omitted).

obligation under Federal Rule of Civil Procedure 8(a), such claims necessarily imply the invalidity of his current confinement.

Because success on his claims necessarily implies invalid confinement, under the second portion of the *Heck* analysis, Plaintiff must demonstrate he already has successfully contested his current conviction and sentence. *Heck*, 512 U.S. at 487. Plaintiff attempts to do so by merely stating, "Plaintiff has demonstrated and proved unconstitutional conviction and sentence has already been invalidated caused by Karin Riley, et al., actions whose unlawfulness render Plaintiff['s] conviction and sentence invalid." (Compl. 5.) Such conclusory statements do not plausibly suggest that Plaintiff's "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 487. Indeed, on August 15, 2008, this Court denied without prejudice Plaintiff's request for a petition for a writ of habeas corpus with respect to this conviction. *See Payne v. Johnson*, No. 3:07CV614, 2008 WL 3843447, at *2 (E.D. Va. Aug. 15, 2008). Plaintiff offers no other indication that his conviction has been, in fact, successfully contested. Plaintiff's mere assertion of such does not raise Plaintiff's right to relief above a speculative level. *Bell Atl. Corp.*, 550 U.S. at 555. Accordingly, *Heck* bars his action. It is therefore RECOMMENDED that Plaintiff's claims and the action be DISMISSED WITHOUT PREJUDICE.

(June 1, 2011 Report and Recommendation.) The Court advised Plaintiff that he could file objections or an amended complaint within fourteen (14) days of the date of entry thereof. Plaintiff did not file objections or an amended complaint.

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (*citing Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."

5

*Thomas v. Arn*, 474 U.S. 140, 147 (1985). This Court may adopt without *de novo* review any portion of the magistrate judge's recommendation to which Plaintiff does not raise a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

## III. CONCLUSION

Plaintiff having no objections, the Report and Recommendation will be ACCEPTED AND ADOPTED. The action is legally frivolous and will be DISMISSED WITHOUT PREJUDICE.

An appropriate Order will accompany this Memorandum Opinion.

Date: 6-29-11
Richmond, Virginia

/s/
James R. Spencer
Chief United States District Judge